**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KEVIN O'CONNER FREEMAN, | ) ) ) | Case No.:  20-12124-JDW |
| | ) | |
| Debtor. | ) ) | Chapter 7 |

## MEMORANDUM OPINION

This contested matter comes before the Court on the chapter 7 trustee's *Objection to Claim of Exemptions* (the "Objection") (Dkt. # 30) and the *Response in Opposition to Objection to Debtor's Claimed Exemptions Pursuant to 11 U.S.C. § 522 and Miss. Code Ann. § 85-3-21* filed by the debtor (Dkt. # 33). The trustee objects to the debtor's claimed homestead exemption on real property located in California. Under the facts and circumstances of this case, the debtor may not claim a homestead exemption on property located in California and the Objection is due to be sustained.

1

## FINDINGS OF FACT

The debtor filed his chapter 7 bankruptcy petition on June 22, 2020 (Dkt. # 1). His voluntary petition provides that he lives in Water Valley, Mississippi, and has lived in this district longer than any other district during the 180 days prior to filing the petition (Dkt. # 1), thus making him eligible to file here. Along with the petition, the debtor filed Schedule A/B, which lists real estate located in Temecula, California with an estimated value of $375,000.00 (Dkt. # 9, p. 18). The debtor later filed an Amended Schedule C, where he claimed a homestead exemption in the California property based on Miss. Code Ann. § 85-3-21 (Dkt. # 38). At a telephonic hearing on the Objection, it was admitted that the debtor's estranged wife and adult children live in the California home, while the debtor lives in Water Valley and has no intention of returning to reside in California. In fact, the debtor has resided in Mississippi since January 2, 2018 and currently lives with his girlfriend and her two children.

## CONCLUSIONS OF LAW

When a debtor files a bankruptcy petition, all of the debtor's assets as of the petition date become property of the bankruptcy estate.[1] "To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain

---

[1] 11 U.S.C. § 541.

2

values."[2] The debtor reclaims this property from the estate by claiming it as exempt.[3] Exempted assets are then unavailable to the debtor's creditors for distribution.[4]

Section 522(d) lists categories of property that a debtor may claim as exempt (known as the "federal exemptions"), but section 522(b) provides that states may prohibit their citizens from choosing the federal exemptions (known as "opting out") and instead require the use of state law exemptions.[5] Mississippi has opted out, so Mississippi debtors may claim exemptions only under Mississippi state law, including the homestead exemption at issue here.[6]

To claim exemptions, debtors must file a list of property they intend to claim as exempt on Schedule C.[7] Rules 4003(a) and 1007 of the Federal Rules of Bankruptcy Procedure mandate the format and information required to be listed by a debtor in Schedule C.[8] If no party objects to the claimed exemptions, the property will be considered exempt.[9] Here, the trustee has objected to the application of the Mississippi homestead exemption to property located in California.

---

[2] *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005).
[3] *Schwab v. Reilly*, 560 U.S. 770, 774 (2010) (citing 11 U.S.C. § 522).
[4] *Id.* at 791.
[5] *In re Pace*, 521 B.R. 124, 126 (Bankr. N.D. Miss. 2014).
[6] Miss. Code Ann. §§ 85-3-1, 85-3-21.
[7] 11 U.S.C. § 522(l).
[8] FED. R. BANKR. P. 4003; FED. R. BANKR. P 1007.
[9] 11 U.S.C. § 522(l).

3

Many courts interpret the state exemption statutes as applying only to property located within the state.[10] One article notes that "[s]tate courts have been almost uniformly reluctant to extend the reach of their exemptions to nonresidents, or to property not within their boundaries."[11] But some jurisdictions have given homestead exemptions extraterritorial effect if the applicable state law does not expressly limit use of the exemption for property outside of the state.[12] For example, the Ninth Circuit Court of Appeals permitted a debtor to apply the California homestead exemption to property located in Michigan, explaining that it found "nothing in the California exemption statutory scheme, its legislative history, or its interpretation in California case law to limit the application of the homestead exemption to dwellings within California."[13] Other federal courts have tried to predict how state law would apply to extraterritorial property.[14]

The Mississippi statute is silent as to whether a debtor may claim a homestead exemption on extraterritorial property.[15] Likewise, the Mississippi

---

[10] *See e.g.*, *In re Withington*, 594 B.R. 696 (Bankr. D. Colo. 2018); *In re Peters*, 91 B.R. 401 (Bankr. W.D. Tex. 1988); *In re Wieber*, 182 Wash. 2d 919 (2015).
[11] Laura B. Bartell, *The Peripatetic Debtor: Choice of Law and Choice of Exemptions*, 22 Emory Bankr. Dev. J. 401, 410 (2006).
[12] *See e.g.*, *In re Arrol*, 170 F.3d 934 (9th Cir. 1999); *In re Drenttel*, 403 F.3d 611 (8th Cir. 2005); *In re Stephens*, 402 B.R. 1, 6 (10th Cir. BAP 2009); *In re Jarski*, 301 B.R. 342 (Bankr. D. Ariz. 2003).
[13] *Arrol*, 170 F.3d at 937.
[14] *See e.g.*, *In re Capps*, 438 B.R. 668 (Bankr. D. Idaho 2010); *In re Jevne*, 387 B.R. 301 (S.D. Fla. 2008).
[15] Miss. Code Ann. § 85-3-21.

Supreme Court has not opined on the extraterritorial issue. Here, however, this Court need not forecast whether the Mississippi Supreme Court might allow homestead exemptions to be applied extraterritorially. Even if the law was clear that homestead exemptions could be applied to property outside of Mississippi generally, this debtor would not be eligible because the claimed California property does not meet the definition of a homestead under Mississippi law.

> Miss. Code Ann. § 85-3-21 provides:
>
> Every citizen of this state, male or female, being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and **occupied as a residence by him**, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of Seventy-Five Thousand Dollars ($75,000.00);[16]

Mississippi law has long held that occupancy in a residence is required to create a homestead interest in property.[17] Accordingly, to be entitled to claim a homestead exemption to particular property, the individual must own and occupy the property as his residence.[18]

---

[16] *Id.* (emphasis added).
[17] *Campbell v. Adair*, 45 Miss. 170, 178 (1871) ("The premises do not become impressed with the legal character of a homestead until actual residence and occupation by the family as a home.").
[18] Miss. Code Ann. § 85-3-21 does provide an exception to the requirement that a debtor occupy the property which is exempt. It states: "But husband or wife, widower or widow, over sixty (60) years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not residing therein." This exception does not apply to the debtor, and he must meet the occupancy requirement to apply the state homestead exemption.

In *Joe T. Dehmer Distributors, Inc. v. Temple*, the debtor attempted to claim a homestead exemption on property he had abandoned and transferred to his wife.[19] The Fifth Circuit Court of Appeals held that the homestead exemption did not apply because he "abandoned his homestead rights in the Madison County property when he moved to Jackson in October 1980" and "one may only claim the homestead exemption in property 'owned and occupied' as a residence."[20] The Fifth Circuit looked further at Miss. Code Ann. § 85-3-43, which provides "Whenever the debtor shall cease to reside on his homestead, it shall be liable to his debts, unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed."[21] The Fifth Circuit reasoned that if a debtor voluntarily leaves the property without intent to return, then he abandons his homestead rights.[22]

Analyzing a previous iteration of the Mississippi Code, which included identical language to that of the current § 85-3-43, the Mississippi Supreme Court also noted:

> [t]his language leaves but little room for construction. There must be actual residence of the premises; but temporary absence will not cause a forfeiture, if it be produced by casualty or necessity, and there exists the purpose to speedily reoccupy as soon as the cause

---

[19] 826 F.2d 1463 (5th Cir. 1987).
[20] *Id.* at 1467 (citing Miss. § 85-3-21).
[21] Miss. Code Ann. § 85-3-43.
[22] *Temple*, 826 F.2d at 1467.

of absence can be removed. Nothing is left for the courts to do but to define the meaning of the words 'necessity' and 'casualty.'[23]

In this case, the debtor has voluntarily become a citizen of Mississippi and could be entitled to a homestead exemption under Mississippi law if he "owned and occupied" property "as a residence by him."[24] At a hearing on the Objection, debtor's counsel acknowledged that the California property is not currently occupied by him nor does he have any intent to return. He has taken up residence with a new family here and does not intend to leave. Because the debtor abandoned the property years ago and he does not intend to return, he has abandoned his homestead rights under Mississippi law. The claimed property is not eligible for exemption.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Objection (Dkt. # 30) is **SUSTAINED,** and the debtor's claimed homestead exemption is **DISALLOWED**.

##END OF OPINION##

---

[23] *Thompson v. Tillotson*, 56 Miss. 36, 39—40 (1878).
[24] Miss. Code Ann. § 85-3-43.

7